CLEVELAND CO-OPERATIVE STOVE COMPANY
v.
CANUTE R. MATSON ET AL.

*Sales—Condition—Fraud—Attachment.*

The delivery of goods to a dealer upon condition that the title is not to pass until sold to *bona fide* purchasers, for use, the proceeds, to the extent of the price at which the goods are billed, to belong to the party making such delivery, is fraudulent as against the creditors of such dealer.

[Opinion filed March 13, 1889.]

APPEAL from the Circuit Court of Cook County; the Hon. ROLLIN S. WILLIAMSON, Judge, presiding.

Mr. EDWARD OWINGS TOWNE, for appellant.

The question presented is whether the goods, the title to which is to be determined, were consigned for sale, or whether, under a pretended contract of consignment, they were sold upon a credit given.

Cleveland Co-operative Stove Co. v. Matson.

In drawing the distinction between a sale "which is a present transfer of the title to a chattel for a consideration in money," and a consignment of goods to be sold, " which is a bailment," it is to be observed:

That to constitute a contract of sale requires an intention on the one part to buy, and on the other to sell, and that the relation of debtor and creditor be created, either at the time of the transaction or in contemplation.

Measured by the rule stated, it is submitted that the arrangement, as made and carried out between the Cleveland Co-operative Stove Company and W. L. Eisengart, falls far short of a sale of goods upon a credit given, and a true construction of the contract between the parties finds it a consignment of goods for sale—a bailment, pure and simple.

The relation of debtor and creditor under this contract at no time, either present or in contemplation, could exist.   See Walker v. Butterick, 105 Mass. 237; Bulkley v. Andrews, 39 Conn. 70; Pam v. Vilmar, 54 How. (N. Y.) Pr. 235; Blood v. Palmer, 11 Me. 414; Ayres v. Sleeper, 7 Met. 45; Brown v. Holbrook, 70 Mass. 102; Reissner v. Oxley, 80 Ind. 580; Benjamin on Sales (Ed. 1888), Sec. 2, note 6.

Messrs. G. Frank White and Louis H. Mitchell, for appellees.

When the identical thing delivered is to be restored in the same or in an altered form, the contract is one of bailment, and the title is not changed; but when there is no obligation to restore the specific article, and the receiver is at liberty to return another thing of equal value, or the money value, he becomes the debtor to make a return, and the title to the property is unchanged; it is a sale.   Bastress v. Chickering, 18 Ill. App. 198, and cases cited.

Whatever the form of an agreement, if its purpose is to cover up a sale and preserve a lien in the vendors for the price of the goods, it is void as respects creditors.   Thompson v. Pratt, 94 Pa. St. 295, cited in 18 Ill. App. 208.

Gary, J.   The appellee, as sheriff of Cook County, levied an attachment upon some stoves in the possession of W. L.

Eisengart, the defendant therein. The appellants replevied, claiming the stoves as their own, because they had delivered them to Eisengart under the following agreement:

### "ARTICLE OF AGREEMENT.

"CHICAGO, Jan'y 22, 1887.

"This article of agreement, made this 22nd day of January, 1887, by and between Cleveland Co-operative Stove Co., of the first part, and W. L. Eisengart, of 758 Root St., of the second part, witnesseth, that the party of the first part hereby agree to furnish to the party of the second part such stoves and ranges as he may order, and which the party of the first part may be able to furnish, subject to the terms set forth in this agreement. The party of the second part agrees to place the goods on sale for the party of the first part and be responsible for their safe-keeping, holding himself responsible for any loss or damage, whether by fire or otherwise. Also agree to pay for all goods soon as sold.

"It is further understood and agreed, that the goods are to be and remain the property of the party of the first part, until such time as they may be sold to a *bona fide* purchaser, for use. Also, that said goods shall be delivered to the party of the first part on demand at any time prior to the settlement for the same by the party of the second part or the sale of the same to a *bona fide* purchaser as above stated. Also, that the proceeds shall belong to the said party of the first part, to the extent of their billing price, until the same shall have been remitted to, or placed in the possession of their duly authorized agent.

"Signed in duplicate, this 22nd of Jan'y, 1887.

"Second part, WM. L. EISENGART.

"First part, CLEVELAND CO-OPERATIVE CO.

"(B. K. R.)"

Eisengart was a retail hardware merchant, and kept for sale, not only the stoves replevied, but those of manufacturers other than the appellants. He had absconded before the attachment issued, owing the debt for which it issued. The stoves were delivered to him under bill heads of the usual form, except that the word "Contract" was written on them.

The agent of the appellants testified: " At the time he (Eisengart) started into business, he had so small capital that we could give him no credit.   We entered into the contract for the purpose of preserving in the company the right of property in the goods, and in no sense to cover up a sale of the goods."

It is no doubt true that no fraud upon anybody was intended by the parties to this agreement, but it is equally true that the whole object and purpose of the agreement was to enable one to conduct, for his own account, business, with capital furnished by another, without putting the capital itself at the risk of the business.

All of the reasoning by which the chattel mortgage was held void in Davis v. Ransom, 18 Ill. 396, applies with equal force to this case.   And every feature upon which the contract in Bastress v. Chickering, 18 Ill. App. 198, was construed to constitute a sale, is present in this, except the one for advances, by the so-called consignee, of negotiable paper for the goods.   In many States such an agreement as this will be upheld in accordance with its terms, notwithstanding its manifest purpose, but in this State the real substance of the transaction governs.

If any form of words can make the thing that which it is not, it is trifling with the business interests of the public to be critical about phraseology.   The law of this State, which puts all transactions of this tendency upon one footing, holding that all sales upon condition that title is not to pass before the purchase money is paid; sales, under the forms of leases; chattel mortgages, with power of disposition by the mortgagor, do, as to the interests of third persons, place or leave the title of chattels in the party in possession thereunder—is a healthy, robust one, befitting an honest community.

Even a judge who does not like it, pays an involuntary, perhaps unconscious, compliment to its merit.   See dissent of Judge Bradley, at page 247, in Heryford v. Davis, 102 U. S. 235, and his opinion, at page 678, in Harkness v. Russell, 118 U. S. 663.

There is no danger that the legitimate commission business will be disturbed by his course of decision. The possession of a real agent will be for his principal; by a pretended one, for himself.

*Judgment affirmed.*